WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Pedro Ramos,

          Plaintiff,

v.

Paul Penzone, et al.,

          Defendants.

No. CV-17-00205-PHX-DLR (ESW)

**ORDER**

The Court has considered Plaintiff's Motion Requesting Discovery Conference (Doc. 44), Plaintiff's Motion to Compel Discovery Response (Doc. 52), "Defendants' Response to Order (Doc. 51) Requesting Status of Discovery Disputes and Response to Motion to Compel (Doc. 52)" (Doc. 53), Notice of Service of Defendants' Rule 26.1 Fifth Supplemental Disclosure Statement (Doc. 54), and Plaintiff's Rule 15.1 Request to Amend Discovery Rule 26 (Doc. 55).

Plaintiff sought a discovery conference to obtain documents requested in Plaintiff's Request for Production which were not produced. In his Motion to Compel Discovery Response (Doc. 52), Plaintiff indicates with specificity which documents Defendants failed to produce. Defendants assert that they now have produced all documents which are in Defendants' possession as requested (Doc.53 at 3). Plaintiff indicates that he is "now fully complete with his discovery process." (Doc. 55 at 2).

The Court finds that a discovery conference is not necessary at this time. Plaintiff has

received all discovery sought, and his Motion to Compel is now moot.

Plaintiff additionally requests permission of the Court to file a Rule 26 (a)(1) supplemental disclosure statement inclusive of the information received in Defendants' Fifth Supplemental Disclosure Statement. Rather than filing a Notice of Service of his supplemental disclosures, Plaintiff has lodged the supplemental disclosure statement itself. Discovery deadlines were extended by Order of the Court filed December 28, 2017 (Doc. 48), and Plaintiff's supplemental disclosure is well within the modified deadlines. However, Fed. R. Civ. P. 5(d) states that "disclosures under Rule 26(a)(1)… must not be filed until they are used in the proceeding or the court orders filing…." LRCiv 5.2 provides that "[a] 'Notice of Service' of the disclosures and discovery requests and responses listed in Rule 5(d) of the Federal Rules of Civil Procedure must be filed within a reasonable time after service of such papers." Plaintiff has not "used" the lodged supplemental disclosure in the proceeding (e.g. by relying upon it in support of a motion, supporting a motion to compel, etc.). Therefore, Plaintiff's filing of the actual supplemental disclosure instead of a "Notice of Service" is in violation of LRCiv 5.2 and Rule 5(d) of the Federal Rules of Civil Procedure. Accordingly, the Court will grant Plaintiff leave to supplement his Rule 26(a)(1) disclosure and to file a Notice of Service of his supplemental disclosure deemed served on the date of lodging, February 8, 2018 (Doc. 55). However, the Court will strike the lodged document (Doc. 56) as a violation of LRCiv 5.2 and Fed. R. Civ. P. 5(d). *See* LRCiv 7.2(m) (allowing the Court to strike any part of a filing that is not authorized by rule).

Based on the above,

**IT IS ORDERED** denying as moot Plaintiff's Motion Requesting Discovery Conference (Doc. 44).

**IT IS FURTHER ORDERED** denying as moot Plaintiff's Motion to Compel Discovery Response (Doc. 52).

**IT IS FURTHER ORDERED** granting in part "Plaintiff's Rule 15.1 Request to Amend Discovery Rule 26" (Doc. 55) as set forth herein.

**IT IS FUTHER ORDERED** striking the documents lodged at Doc. 56 and Doc. 47. Plaintiff shall file a Notice of Service of Plaintiff's Rule 26.1 Supplemental Disclosure Statement within twenty (20) days of the filing of this Order. His Rule 26.1 Supplemental Disclosure Statement lodged at Doc. 56 is deemed served on Defendants on February 8, 2018. Plaintiff's Rule 26.1 Disclosure Statement (Doc. 47) filed December 26, 2017 is deemed served on the date of filing.

Dated this 13th day of February, 2018.

_____
Eileen S. Willett
United States Magistrate Judge